# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-1467V
### Filed: July 8, 2025

|  |  |
|---|---|
| TIM L. LISK,<br><br>               Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Special Master Horner |

*Nancy Routh Meyers, Turning Point Litigation, Greensboro, NC, for petitioner.*
*Alexis B. Babcock, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On September 24, 2018, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] ("Vaccine Act").  (ECF No. 1.)  Petitioner alleged that he suffered from Parsonage-Turner Syndrome as a result of an influenza ("flu") vaccine he received on October 14, 2015.  (*Id.*)  On October 7, 2024, the undersigned issued a decision on joint stipulation awarding compensation for petitioner's right-sided Parsonage-Turner Syndrome, brachial plexopathy, and/or brachial neuritis.  (ECF No. 97.)

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the document will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be to the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

On November 22, 2024, petitioner filed a motion seeking an award of attorneys' fees and costs.[3]  (ECF No. 102.)  Petitioner seeks a lump sum of $118,876.65, including $15,104.65 in attorneys' fees and $520.50 in costs associated with representation by Ms. Meyers at Ward Black Law, as well as $67,017.50 in attorneys' fees and $36,234.00[4] in costs associated with representation by Ms. Meyers at Turning Point Litigation.  (*Id.*)  Pursuant to General Order No. 9, petitioner certifies that he has not advanced any funds in the prosecution of his claim.  (ECF No. 102-4.)

On November 25, 2024, respondent filed a response to petitioner's motion for attorneys' fees and costs.  (ECF No. 103.)  In his response, respondent indicates that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  (*Id.* at 2.)  However, regarding expert costs, he urges the undersigned to "continue to make case-by-case determinations about a reasonable hourly rate" and "reserve the highest rates for the most qualified experts opining on the most complex medical issues."  (*Id.* at 4.)  Respondent therefore requests that the court exercise its discretion in determining reasonable attorneys' fees and costs.  (*Id.* at 5.)  Petitioner filed a reply concurring with respondent's request that the court exercise its discretion in this matter.  (ECF No. 104.)

## I.       Legal Standard

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs."  § 300aa-15(e)(1)(A)-(B).  Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).  The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Id.* at 1347-48.  This is a two-step process.  *Id.*  First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  *Id.* at 1348.  It is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines ex rel. Sevier v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").

Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said

---

[3] Although petitioner's motion states a request for "interim fees and costs," judgment awarding compensation pursuant to the undersigned's decision on joint stipulation was entered and the case was closed prior to the filing of the motion.  Accordingly, the instant motion is treated as one requesting a final award of attorneys' fees and costs, despite the specific language contained within the motion.

[4] This figure includes Dr. Steinman's expert fee of $7,975.00.

work.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).
Such applications should not include hours that are "excessive, redundant, or otherwise
unnecessary."  *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424,
433-34 (1983)).  Attorneys' costs must also be reasonable.  *See Perreira v. Sec'y of
Health & Human Servs.,* 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both
'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both.
Not only must any request for reimbursement of attorneys' fees be reasonable, so also
must any request for reimbursement of costs."), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).
However, special masters need not engage in a line-by-line analysis of petitioners' fee
application.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729
(2011) (citations omitted).  They may instead rely on their experience with the Vaccine
Program to determine the reasonable hourly rate and number of hours expended.
*Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483-85 (1991), *aff'd*, 988
F.2d 131 (Fed. Cir. 1993).  Just as "[t]rial courts routinely use their prior experience to
reduce hourly rates and the number of hours claimed in attorney fee requests[,] . . . .
Vaccine program special masters are also entitled to use their prior experience in
reviewing fee applications."  *Saxton*, 3 F.3d at 1521 (citations omitted).  Special masters
can reduce a fee request *sua sponte* and without providing petitioners notice or
opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl.
201, 209 (2009).

## II.    Reasonableness of Attorneys' Fees and Costs Requested

The undersigned has reviewed the billing records submitted with petitioner's
request.  Ms. Meyers, who serves as official counsel of record, initiated her
representation of petitioner in this matter while she worked at Ward Black Law.  At Ward
Black Law, Ms. Meyers billed at a rate of $350 per hour for work completed in 2017,
$375 per hour for work completed in 2018, $390 per hour for work completed in 2019,
and $400 per hour for work completed in 2020.  (ECF No. 102-2, p. 2.)  Paralegal work
at Ward Black Law was billed at a rate of $145 per hour for work completed in 2017-
2019, and $150 per hour for work completed in 2020.  (*Id.*)  During the pendency of this
claim, Ms. Meyers remained counsel of record, but she moved her practice to Turning
Point Litigation in 2020.  At Turning Point Litigation, Ms. Meyers billed at a rate of $400
per hour for work completed in 2020, $430 per hour for work completed in 2021, $460
per hour for work completed in 2022, $490 per hour for work completed in 2023, and
$530 per hour for work completed in 2024.  (ECF No. 102-1, p. 1.)  Another attorney,
Mr. L. Cooper Harrell, performed services for petitioner and billed at a rate of $430 per
hour for work completed in 2022.  (*Id.*)  Paralegal work at Turning Point Litigation was
billed at a rate of $150 per hour for work completed in 2020, $155 per hour for work
completed in 2021, $160 per hour for work completed in 2022, $165 per hour for work
completed in 2023, and $180 per hour for work completed in 2024.  (*Id.*)  These rates
are reasonable and consistent with prior awards.  *Rushing v. Sec'y of Health & Human
Servs.*, No. 19-397V, 2024 WL 4449511, at *2-3 (Fed. Cl. Spec. Mstr. Sept. 10, 2024);
*DaSilva v. Sec'y of Health & Human Servs.*, No. 21-0545V, 2024 WL 4132930, at *1
(Fed. Cl. Spec. Mstr. Aug. 7, 2024); *Kelleher v. Sec'y of Health & Human Servs.*, No.
16-1307V, 2020 WL 4664819, at *2 (Fed. Cl. Spec. Mstr. June 30, 2020); *Brown v.*

*Sec'y of Health & Human Servs.*, No. 16-1547V, 2017 WL 5080737, at * 1 (Fed. Cl. Spec. Mstr. Oct. 11, 2017).  Accordingly, the requested rates are awarded in full.

After a review of the submitted billing records, the undersigned finds the overall number of hours billed are largely reasonable and the billing entries include sufficient detail to adequately describe the work completed.  However, a small reduction is warranted.  In reviewing the billing records submitted in connection with Ms. Meyers's representation while at Turning Point Litigation, there are several instances of duplicative billing.[5]  *Young v. Sec'y of Health & Human Servs.*, No. 16-602V, 2017 WL 7360354, at *2 (Fed. Cl. Spec. Mstr. Aug. 31, 2017) (reducing a fee award for duplicative work performed by both the attorney and a paralegal).  Additionally, the record contains billing entries for clerical and administrative work, such as filing documents.[6]  *Knapp v. Sec'y of Health & Human Servs.*, No. 17-764V, 2019 WL 4165277, at *4 (Fed. Cl. Spec. Mstr. Aug. 9, 2019) ("Billing at any rate for clerical or other administrative work is not permitted in the Vaccine Program.").  These same issues are apparent in the billing records for Ms. Meyers's representation while at Ward Black Law.[7]  (ECF No. 102-2.)  Ms. Meyers has had prior fee requests reduced for duplicative billing and for billing for clerical and administrative work.  *See, e.g.*, *Knox v. Sec'y of Health & Human Servs.*, No. 17-0794V, 2018 WL 7046642, at *2 (Fed. Cl. Spec. Mstr. Nov. 26, 2018); *Redfern v. Sec'y of Health & Human Servs.*, No. 18-0026V, 2021 WL 5027379, at * 2 (Fed. Cl. Spec. Mstr. Oct. 14, 2021).  Accordingly, I find a reduction of 2% in the overall attorneys' fee request is appropriate, resulting in a reduced attorneys' fee award of $14,802.56 to Ms. Meyers for work completed while at Ward Black Law and $65,677.15 to Ms. Meyers for work completed while at Turning Point Litigation.  This reduction is adequate to accomplish "rough justice."  *Fox v. Vice*, 563 U.S. 826, 838 (2011) ("The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection.  So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.").

---

[5] For example, on July 23, 2020, Ms. Meyers and paralegal Ms. Barrett both billed 0.1 hours for "Receipt and review" of respondent's status report, and the following day, both Ms. Meyers and Ms. Barrett again billed 0.1 hours for receipt and review of a scheduling order issued by the court.  (ECF No. 102-1, p. 3.) Similar entries of duplicative billing persist throughout the entirety of Ms. Meyers' representation in this matter.

[6] For example, on October 30, 2020, Ms. Barrett billed 0.4 hours for "Filing of Petition, Affidavit, Cover Sheet, Exhibit List, and all medical records with Court"; on February 22, 2021, Ms. Barrett billed 0.2 hours for "Filing of updated medical records from Urvi Desai, MD, updated Exhibit List, and Notice of Filing with Court"; and on May 25, 2023, Ms. Barrett billed 1 hour for "Filling of numerous exhibits (48) of medical literature, updated Exhibit List, and Notice of Filing with Court."  (ECF No. 102-1, pp. 5, 7, 21.)  This is not an exhaustive list of all billing entries for clerical/administrative tasks.

[7] For instance, on June 3, 2019, Ms. Meyers and Ms. Barrett both billed 0.1 hours for receipt and review of the court's order on respondent's motion for an extension of time, and on October 11, 2019, Ms. Barrett billed 0.1 hours for "Filing of Joint Status Report with Court."  (ECF No. 102-2, pp. 13, 15.)  This is not an exhaustive list of all duplicative billing entries or billing entries for clerical/administrative tasks.

The costs appear to be reasonable and sufficiently documented.  *See Pahos v. Sec'y of Health & Human Servs.*, No. 17-1455V, 2023 WL 6620336, at *5 (Fed. Cl. Spec. Mstr. May 5, 2023) (awarding an expert rate of $550 per hour for Drs. Willer and Steinman); *Noorani v. Sec'y of Health & Human Servs.*, No. 16-970V, 2024 WL 3913519, at *7 (Fed. Cl. Spec. Mstr. July 10, 2024) (awarding mediation costs based on a similar arrangement with former Chief Special Master Gay Golkiewicz); *Hough v. Sec'y of Health & Human Servs.*, No. 16-1175V, 2017 WL 7390675, at *1 n.3 (Fed. Cl. Spec. Mstr. Sept. 13, 2017) (noting that a "request for mileage reimbursement should include a complete calculation, including disclosure of the number of miles driven and the reimbursement rate requested").  Accordingly, the requested costs are awarded in full.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 300aa-15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs and awards attorneys' fees and costs in the reduced amount of $117,234.21.

**Accordingly, the undersigned awards a lump sum of $117,234.21, representing reimbursement for attorneys' fees and costs, to be paid through an ACH deposit to petitioner's counsel of record, Nancy Routh Meyers's IOLTA account for prompt disbursement.[8]**

The clerk of the court shall enter judgment in accordance herewith.[9]


**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[8] Petitioner's motion requests one check "made payable to Turning Point Litigation which will disburse the funds applicable to Ward Black Law and Dr. Steinman."  (ECF No. 102, p. 2.)

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.